BROWN, Chief Judge,
dissenting.
U respectfully must dissent from the majority’s opinion vacating the sentence. The record clearly demonstrates that the cleansing period of ten years had not run at the time of the commission of the present crimes, October 15, 2005.
As to the two predicate charges at issue: Defendant was out on bond on the first *1130 charge (docket # 54,806) which was filed in 1991. According to the minutes, defendant had pled guilty to a reduced charge of attempted distribution in April 1991 and a bench warrant was issued in November 1991. Defendant was arrested on the bench warrant in August 1998.
The second charge (docket # 56,934) was filed on October 25, 1993, and defendant pled guilty that day. On the same day (October 25th), defendant was sentenced in # 54,806 and # 56,934 to concurrent six years at hard labor terms.
Renee Armond, a state probation and parole officer for the Minden district, testified that she supervised defendant’s parole in docket # 54,806 and docket # 56,934 from the end of 1996 through 1998. As stated, in each of those docket numbers, defendant had received six-year concurrent sentences which were imposed in October of 1993 (his arrest was in August of 1993). The present crime was committed in October of 2005. This record shows that defendant was under parole supervision at least through 1998. The cleansing period starts on the date of discharge and runs until the date of commission of the present crimes. That is less than ten years.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, GASKINS, PEATROSS, and MOORE, JJ.
[, Rehearing granted.
WILLIAMS and PEATROSS, JJ., would grant rehearing.